UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION at LEXINGTON

CIVIL ACTION NO. 5:08-CV-510-KSF

SHANE HAFFEY, et al.                                                              PLAINTIFF

vs.                           **OPINION AND ORDER**

                                                                                  DEFENDANT
MORTGAGE ELECTRONIC
REGISTRATION SYSTEMS, INC., et al.

\* \* \* \* \* \* \* \*

This matter is before the Court on the motion of GMAC Mortgage, LLC ("GMAC") to dismiss it as a party to these proceedings. [DE 7]. Having been fully briefed, the motion is ripe for consideration. For the reasons set out below, the motion will be granted.

**I.      BACKGROUND**

Plaintiffs, Heather Boone McKeever and Shane M. Haffey, filed a twenty-six page complaint against "Mortgage Electronic Registration Systems, Inc.; GMAC Mortgage, LLC; GMAC Mortgage, LLC, as Loan Servicing Agent for the Bank of the Bluegrass and Trust Co.; GMAC Mortgage, LLC, as Loan Servicing Agent for the Concealed and Unknown Persons who are the 'Real Parties in Interest' and as the Agent for the Concealed True Lenders and/or the Holders in Due Course of an Original Promissory Note  Who Claim any Interest in the Subject Matter of this Action; and The Concealed and Unknown Persons Who Are the 'Real Parties in Interest,' as the Concealed True Lenders and/or the Holders in Due Course of an Original Promissory Note Who Claim any Interest in the Subject Matter of This Action." [DE 1-4].

The Complaint alleges that Plaintiffs are the owners of certain real property at 3250 Delong Road, Lexington, Kentucky, and that the Defendants have some relationship to Plaintiffs' mortgage loan transaction on May 18, 2007 ("Loan"). The Loan was a refinancing of an unsecured loan by

Bank of the Bluegrass and created a mortgage on Plaintiffs' Delong Road home.  *See* Complaint ¶¶ 5, 7, 8.  Plaintiffs claim a long-standing relationship with Bank of the Bluegrass involving multiple real estate loans and lines of credit secured by real estate and a history of refinancing the loans and mortgages.  *Id.* at ¶ 7.  Plaintiffs allege on this occasion, however, Bank of the Bluegrass conducted a "Bait and Switch" scheme whereby Plaintiffs were forced to agree to the Loan and sign documents under duress and under different terms than they discussed.  *Id.* at ¶¶ 12-17.

Plaintiffs allege that Bank of the Bluegrass committed various wrongful acts associated with the Loan closing, including failure to provide notices required by the federal Truth In Lending Act, Real Estate Settlement Practices Act, and Home Ownership and Equity Protection Act.  *Id.* at ¶¶ 39, 44-45.  They further claim that Bank of the Bluegrass defrauded them by assigning the mortgage and by concealing the true nature of the transaction and the identity of the real lender.  *Id.* at ¶¶ 24-27.  They allege they would not have entered into the transaction had they known that the mortgage would not remain with Bank of the Bluegrass but, instead, would be assigned to someone else, in this case, Mortgage Electronic Registration Systems, Inc. ("MERS").[1]  *Id.* at ¶¶ 24-28.  Plaintiffs allege paying undisclosed fees, finance charges and kickbacks to the holder of the Note and Mortgage.  ¶ 29.  They allege the Note may have been satisfied by a third party guarantee contract or insurance policy and may have been paid in full.  ¶¶ 32-33.  They claim to have rescinded the Note and Mortgage under the Truth In Lending Act ("TILA").  ¶ 35.  They allege that their settlement efforts have been ignored by GMAC's counsel.  ¶36.

Count I of the Complaint alleges "the Defendants have jointly and severally violated" the TILA, 15 U.S.C. § 1601 et seq.  ¶¶ 39-43.  Count II claims violations of HOEPA, 15 U.S.C. § 1639 et seq.  ¶44.  Count III claims violations of the Real Estate Settlement Procedures Act, 12 U.S.C.

---

[1] Plaintiffs filed a separate action against MERS, which was also removed to this Court (Case No. 5:08-cv-456).  MERS' motion to dismiss has been briefed.  GMAC Mortgage, LLC on behalf of Deutsche Bank filed suit against Haffey and McKeever for a declaration that the purported recision by Defendants is invalid (Case No. 5:08-cv-459).

§ 2601, for which the "Defendants are jointly and severally liable." ¶¶ 45-46. Count IV alleges defamation of title, violation of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, and violation of the Fair Credit Reporting Act, 15 U.S.C. § 1681. ¶¶ 47-48. The only factual allegation against GMAC is that it sent a notice through electronic mail that a mortgage payment was due and owing on November 15, 2008. Count V alleges violations of Kentucky's Unfair Trade Practices Act arising from the Bank's assignment of the Mortgage. ¶ 49. Count VI alleges breach of fiduciary duty by the Bank for failing "to disclose material facts affecting the loan transaction." Plaintiffs allege the Bank was "an agent of GMAC" and that all Defendants are jointly and severally liable for breach of fiduciary duty. ¶¶ 50-51. There is no factual support for the allegation of agency. Count VII alleges fraudulent misrepresentation relating to inducing Plaintiffs to enter into the Loan and in the execution of it. ¶ 52. Count VIII alleges fraud by omission for the Bank's failure to disclose that it was merely a "Pretender Lender." ¶¶53-55. Count IX alleges violations of Kentucky's Consumer Protection Act for deceptive acts in the loan transaction. ¶¶ 56-57. Count X alleges RICO violations as a result of the "Defendants" agreeing "to deceive the Homeowners." ¶ 59. Count XI is for breach of contract relating to the Loan and Mortgage. ¶ 60. Count XII is for violation of the Kentucky Financial Services Code because the Note and Mortgage were made with a concealed lender who is operating illegally as a financial institution. ¶ 61.

With respect to GMAC, Plaintiffs allege that GMAC and the other defendants are "jointly and severally liable as 'Predatory Lenders.'" ¶ 4. On August 16, 2007, GMAC sent a letter to Plaintiff McKeever responding to an inquiry and enclosing a copy of the final HUD-1 Settlement Statement. Complaint Ex. E; ¶ 21. Paragraph 23 alleges GMAC began collecting interest on the Loan on May 18, 2007, despite the fact the loan was not consummated until after 5:00 p.m. that day. Paragraph 24 alleges that Plaintiff learned from a GMAC representative that the Mortgage was assigned to MERS and that the "Bank of the Bluegrass had fraudulently acted only as an agent for the concealed 'Real Party in Interest.'" Paragraph 35 alleges that Plaintiffs rescinded the Note and

3

Mortgage on October 15, 2008, and sent notice, along with a Qualified Written Request under the Real Estate Settlement and Procedure Act ("RESPA"), to GMAC, but the transaction was not rescinded as required. The letter is attached as Exhibit F. Paragraph 37 alleges that GMAC sent a written notice on November 15, 2008 that the Mortgage payment was due and owing on that date. Paragraph 38 alleges that GMAC wrote McKeever on October 16, 2007 that her payment would be recorded as "late."

GMAC moves to dismiss under Fed. R. Civ. P. 12(b)(6) for failure to state a claim against GMAC. [DE 7, 7-2]. Assuming Plaintiffs' factual allegations are true, GMAC argues those facts do not state any claim against GMAC. They note the allegations involve the Loan from Bank of the Bluegrass, but the Bank is not named as a defendant. They state there is no allegation that GMAC was involved in the origination, negotiation or closing of the Loan. They also claim there is no allegation of a relationship between Bank of the Bluegrass and GMAC such that GMAC would be liable for the conduct of the Bank. Accordingly, GMAC argues it should be dismissed.

Plaintiffs respond that GMAC was sued for its acts in three capacities: (1) as a corporate entity; (2) as Loan Servicing Agent for the Bank of the Bluegrass; and (3) as Loan Servicing Agent for the "Concealed and Unknown Person(s) who are the 'Real Parties in Interest.'" [DE 12, p. 1]. Plaintiffs argue that the principal whom GMAC serves has been concealed by GMAC. *Id.* They also note that GMAC was served in the capacity of "Agent for Service of Process" for "The Concealed and Unknown Persons who are the 'Real Parties in Interest.'" Plaintiffs deny that the allegations in the Complaint pertain only to the Bank and refer to the term "Defendants" in the allegations in paragraphs 28 and 54. Plaintiffs also reference exhibits to the Complaint reflecting that "GMAC ignored all pre-litigation requests for information and discovery." Plaintiffs claim that "GMAC played and continues to play multiple roles in the conspiracy pertaining to Plaintiffs' transaction" and that it is "the cornerstone of the conspiracy and illegal and fraudulent acts." [DE 12, p. 3].

4

GMAC replies that Plaintiffs' protestations in the Response are not supported by factual allegations in the complaint. [DE 13]. Instead, the critical allegations in the complaint never mention GMAC or any role GMAC may have had. The Complaint first mentions GMAC as servicing agent for the Bank in August 2007, three months after the Loan was consummated. [Complaint ¶ 21]. GMAC further argues the use of the plural "Defendants" is not sufficient to state a claim. GMAC contends the complaint must be dismissed for failure "to raise a right to relief above the speculative level." [DE 13, p. 2].

## II.   ANALYSIS

To withstand a motion to dismiss, a complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1974 (2007).

> While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. On a motion to dismiss, courts are not bound to accept as true a legal conclusion couched as a factual allegation. Factual allegations must be enough to raise a right to relief above the speculative level.

*Id.* at 1964-65 (citations omitted). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not 'show[n]' – 'that the pleader is entitled to relief.'" *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1950 (2009)

In ruling upon a motion to dismiss for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6), all of a plaintiff's factual allegations are presumed true, and the complaint is construed in the light most favorable to the plaintiff. *Hill v. Blue Cross and Blue Shield of Michigan*, 409 F.3d 710, 716 (6th Cir. 2005). However, courts "are not bound to accept as true a legal conclusion couched as a factual allegation." *Twombly*, 550 U.S. at 556.

GMAC's motion to dismiss is well taken. *Iqbal's* complaint was dismissed because its conclusory allegations were not supported by factual matter. The court said: "A pleading that offers 'labels and conclusions' or a 'formulaic recitation of the elements of a cause of action will not

5

do.' Nor does a complaint suffice if it tenders 'naked assertions[s]' devoid of 'further factual enhancement.'" *Iqbal*, 129 S.Ct. at 1949, quoting *Twombly*, 550 U.S. at 555, 557. "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Id.* at 1950.

The allegations in Plaintiffs' Complaint were set forth in detail to illustrate the absence of any claim against GMAC. The vast majority of the allegations are mere "labels and conclusions" and are devoid of any factual connection whatsoever to GMAC. The few factual allegations regarding GMAC do not support any legal claim. In August 2007, GMAC responded to an inquiry from McKeever and enclosed a copy of a HUD-1. McKeever alleges the Bank fraudulently substituted a HUD-1 dated May 14, 2007 for the May 18, 2007 loan documents she signed, but she makes no factual allegation that GMAC was involved with the loan documentation in any way. McKeever alleges she learned from a GMAC representative that the Bank had assigned the Mortgage to MERS, but she does not make any factual allegation that GMAC was involved in or responsible for that assignment. McKeever wrote GMAC, MERS and Bank of the Bluegrass on October 15, 2008 stating that the Note and Mortgage were in the name of Heather M. Haffey, but that had never been her legal name. Complaint Exhibit F. She stated the deed to the property was "in the name of Heather McKeever, thereby making the transaction invalid on its face." *Id.* The letters sought to rescind the Note and Mortgage and demanded a refund of all funds and interest paid. *Id.* There are no statements in the letters that GMAC had violated any statute and no factual support for any role by GMAC, other than providing information upon request. The only other factual allegations in the Complaint regarding GMAC are that it notified her that an October payment would be recorded as late (¶ 38), and that a payment was due and owing on November 15, 2008 (¶ 37).

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 129 S.Ct. at 1949, quoting

*Twombly*. Assuming all of the factual allegations in the Complaint regarding GMAC are true, Plaintiffs have not stated any "claim to relief that is plausible on its face" against GMAC. *Twombly*, 550 U.S. at 570. "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of "entitlement to relief."'" *Iqbal*, 129 S.Ct. at 1949, quoting *Twombly*. It is the opinion of this Court that Plaintiffs' factual allegations regarding GMAC do not even rise to the level of being "consistent with a defendant's liability." At most, they show that GMAC serviced a mortgage and provided information. Accordingly, GMAC's motion to dismiss will be granted.

### III. CONCLUSION

**IT IS ORDERED** that the motion of GMAC Mortgage, LLC to dismiss it as a party to this action [DE 7] is hereby **GRANTED**.

This September 4, 2009.

Signed By:

*Karl S. Forester*  KSF

**United States Senior Judge**