UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
LEXINGTON

**CIVIL ACTION NO. 08-459-JBC**
**(Related action: Lexington Civil Action No. 08-510)**

**GMAC MORTGAGE, LLC,**                                                            **PLAINTIFF,**

**V.**                     **MEMORANDUM OPINION AND ORDER**

**HEATHER BOONE MCKEEVER, ET AL.,**                              **DEFENDANTS.**

\* \* \* \* \* \* \* \* \* \*

This matter is before the court on the motion for reconsideration of the plaintiffs, Heather Boone McKeever and Shane M. Haffey. R. 81. For the reasons below, the court will deny the motion.

**I.**      **Legal standards**

In this action by McKeever and Haffey, a married couple, this court granted summary judgment in favor of the remaining defendant, Mortgage Electronic Registration Systems, Inc. ("MERS"). The plaintiffs, seeking reconsideration of that order, fail to mention any of the Federal Rules of Civil Procedure. The court, however, will construe their motion as one to alter or amend judgment pursuant to Rule 59(e) because it was filed within 28 days after the entry of judgment.[1] *See* Fed. R. Civ. P. 59. Under Rule 59, a court may alter the judgment based on: "(1) a

---

[1]McKeever and Haffey do not appear to be seeking relief pursuant to Rule 60. They do not refer to any provisions of that Rule, nor does their motion show that relief under that rule is warranted.

1

clear error of law; (2) newly discovered evidence; (3) an intervening change in controlling law; or (4) a need to prevent manifest injustice." *Leisure Caviar, LLC v. U.S. Fish and Wildlife Serv.*, No. 09-6228, 2010 U.S. App. LEXIS 17252, at *4 (6th Cir. Aug. 19, 2010) (citing *Intera Corp. v. Henderson*, 428 F.3d 605, 620 (6th Cir. 2005)). A Rule 59(e) motion is not an opportunity to re-argue or to present a new legal theory. *See Roger Miller Music, Inc. v. Sony/ATV Publ'g, LLC*, 477 F.3d 383, 395 (6th Cir. 2006) (citations omitted). Rather, it must clearly establish a manifest error of law or present newly discovered evidence. *See id.*

## II. Claims

The plaintiffs fail to show that altering or amending the judgment is warranted. Instead of setting forth specific facts showing a genuine issue for trial in response to MERS's motion for summary judgment, the plaintiffs made several unsupported assertions and incorporated by reference McKeever's seventy-two-page answer/counter-claim/third-party complaint from a related action, Lexington Civil Action 09-362 (R. 17), as well as "all pleadings and Exhibits, to date contained in the Consolidated Cases which in any way touch upon the issues contained in this Motion." R. 29 at 2.

Incorporation by reference is not intended "to allow the use of a sweeping adoption clause which serves as nothing more than a boiler plate 'safety valve.'" *Wolfe v. Charter Forest Behavioral Health Sys., Inc.*, 185 F.R.D. 225, 239 (W.D. La. 1999); *see also Carroll v. Fort James Corp.*, 470 F.3d 1171,1176 (5th Cir. 2006) (indicating that incorporation by reference must be done with "a degree of

2

specificity and clarity which would enable the responding party to easily determine the nature and extent of the incorporation") (citations omitted). Moreover, it was not the court's responsibility to parse through the entire record in an attempt to divine which documents would be helpful to the plaintiffs' case. Rather, it was the plaintiffs' responsibility to put forth "specific evidence" to show that there was a genuine issue of material fact for trial. *See Dobrowiak v. Convenient Family Dentistry, Inc.*, Nos. 07-2373 & 08-1241, 2009 U.S. App. LEXIS 4605, at *13 (6th Cir. Mar. 4, 2009) (explaining that it was the non-movant's obligation to timely present evidence to the court in a way that would enable it to readily draw the conclusion that a genuine issue of material fact existed). Plaintiffs did not identify anything in any of the consolidated cases' records that would have compelled a different result, nor have they done so in their motion for reconsideration. *See id.* at *15 (explaining that in order to defeat a motion for summary judgment, the evidence must permit a reasonable jury to return a verdict for the plaintiff).

Although the plaintiffs discussed their pleadings in Lexington 08-456 and 09-362 in their response to the motion for summary judgment, by simply relying on their pleadings -- albeit pleadings from other cases -- the plaintiffs failed to meet their burden in opposing the motion for summary judgment. *See* Fed. R. Civ. P. 56(e)(2) ("an opposing party may not merely rely on allegations or denials in its own pleading; rather, its response must - by affidavits or as otherwise provided in this rule - set out specific facts showing a genuine issue for trial").

3

Similarly, the issues raised in the instant motion do not warrant altering or amending the judgment. With respect to the settlement agreement, McKeever provides no legal support for her assertion that the court "misapplied the law" regarding MERS's role as a beneficiary of the agreement. R. 81 at 1. In its motion for summary judgment, MERS alleged that as an assignee of the mortgage, it was a "successor in interest" and was therefore a beneficiary of the terms of the settlement agreement between McKeever and Bank of the Bluegrass. R. 21 at 6-7. In McKeever's pleading in Lexington 09-362, she alleged that she was fraudulently induced to settle her claims with Bank of the Bluegrass arising out of the May 2007 loan transaction, and that therefore that settlement agreement is void. *See* Lexington Civil Action 09-362, R. 17 at 28, 33 ("The fraudulent inducement to sign the [settlement agreement] negate the agreement."). Although the answer/counter-claim/third-party complaint from 09-362 indicated the existence of a factual dispute regarding the execution of the settlement agreement, it did not constitute "affirmative evidence" that could have defeated summary judgment. *See White v. Wyndham Vacation Ownership, Inc.*, No. 09-5626, 2010 U.S. App. LEXIS 16988, at *6-7 (6th Cir. Aug. 11, 2010) (explaining the plaintiff must present affirmative evidence sufficient to show a genuine issue for trial to survive summary judgment, and that evidence that is merely colorable or not significantly probative is not sufficient).

Moreover, the settlement agreement was only one of the reasons the court granted the motion for summary judgment. *See* Lexington Civil Action 08-459, R.

71 at 4-15. Thus, even if one assumes that the settlement agreement did not bar McKeever's claims, McKeever and Haffey still have not shown that summary judgment was inappropriate because there were alternate grounds for dismissing each claim.

First, the plaintiffs assert that the court ignored their "undisputed factual allegations in regard to MERS's lack of any pecuniary interest in the mortgage loan in question," but fail to explain how this would have defeated MERS's motion for summary judgment. R. 81 at 1.

Second, although the plaintiffs allege that the mortgage assignment to MERS was "fraudulently executed" three days prior to the closing of the loan, they did not put forth any evidence suggesting that MERS itself was involved in any fraud related to the execution of their loan, nor can they rely on their general claims of conspiracy in their pleadings. *See Anderson v. Liberty Lobby*, *Inc.*, 477 U.S. 242, 249 (1986) (discussing a prior holding that "in the face of the defendant's properly supported motion for summary judgment, the plaintiff could not rest on his allegations of a conspiracy without 'any significant probative evidence tending to support the complaint'") (citation omitted).

Third, the plaintiffs do not explain their assertion that the court "misapplied the law in regard to TILA rescission," nor have they provided any legal support for that contention. R. 81 at 1.

Finally, the plaintiffs also argue that any statues of limitation should be equitably tolled. *Id.* ("any statute of limitations . . . should be equitably tolled due

to the components of fraud and conspiracy which exist between MERS and the other parties)." The plaintiffs did not raise this in their response to the motion for summary judgment, however, and Rule 59(e) motions should not be used to raise arguments" that could, and should, have been made before judgment issued." See *Wardle v. Lexington-Fayette Urban County Gov't*, No. 01-5154, 2002 U.S. App. LEXIS 18673, at *19-18 (6th Cir. Sept. 5, 2002)

Thus, the plaintiffs fail to show that any of the aforementioned issues warrant altering or amending the judgment pursuant to Rule 59(e).

### III. "John Doe" defendants

The plaintiffs also argue that the matter should not have been dismissed because of the "John Doe" defendants. The Kentucky Rules of Civil Procedure set forth procedures for serving corporations that have no agent in the state known to the plaintiff upon which a summons could be lawfully served. *See* Ky. R. Civ. P. 4.05-4.07. Specifically, if a party sought to be summoned is a corporation having no agent in the state known to the plaintiff upon whom a summons may be lawfully served, then the clerk shall make an order upon the complaint "warning the party to appear and defend the action within 50 days." Ky. R. Civ. P. 4.05. This warning order is made "only upon an affidavit of the plaintiff or his attorney," and shall detail either the last known address of the defendant or the plaintiff's stated ignorance of "such of those facts he does not know." Ky. R. Civ. P. 4.06. At the time of making a warning order, the clerk shall appoint, as attorney for the defendant, a practicing attorney of the court. Ky. R. Civ. P. 4.07.

The plaintiffs effected service only on GMAC and MERS, and they did not follow the above procedures for serving unknown defendants. Although McKeever requested confirmation from GMAC that it would accept service for these entities, nothing in the record indicates that GMAC agreed to do so. R. 1, Attach. 3 at 62. Because they failed to follow the procedures for serving unknown corporate entities, such entities were not parties to this lawsuit and did not need to be dismissed.

Moreover, the plaintiffs' allegation that they are precluded from identifying the John Doe defendants due to their inability to get discovery is without merit. Pursuant to Rule 56(f), a party opposing a motion for summary judgment may show by affidavit that, for specified reasons, it cannot present facts essential to justify its opposition. Fed. R. Civ. P. 56(f). The plaintiffs did not present such an affidavit in response to the motion for summary judgment, nor have the plaintiffs otherwise identified materials with some degree of precision that they hoped to obtain through discovery or explained how those materials would have helped them in opposing summary judgment. *See Westerfield v. United States*, No. 08-4458, 2010 U.S. App. LEXIS 3788, at *8-9 (6th Cir. Feb. 24, 2010) (explaining that although a party may invoke Rule 56(f) in response to a motion for summary judgment, that party must state with some precision the materials he hopes to obtain and exactly how those materials would help in opposing summary judgment). Thus, the plaintiffs have not shown that the case should remain open so they can pursue their claims against the "John Doe" defendants.

**III.	Conclusion**

Accordingly,

**IT IS ORDERED** that the motion to alter or amend the judgment, R. 81, is **DENIED**.

**IT IS FURTHER ORDERED** that this a copy of this order and the underlying motion, response, and reply shall be docketed in Lexington Civil Action 08-510.

Signed on  September 13, 2010

JENNIFER B. COFFMAN, CHIEF JUDGE
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY